### WHITE et al. v. BENJAMIN et al.

(Superior Court of New York City, General Term. May 7, 1894.)

Appeal from equity term.

Action by Eliza W. White and Caroline White against Anna Byron Benjamin and others. There was a judgment in favor of the plaintiffs (23 N. Y. Supp. 981), and defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

L. S. Tenney, for appellants.
Whitlock & Simonds, for respondents.

FREEDMAN, J. This is an appeal from a judgment setting aside, as against the plaintiffs, a general assignment executed by the defendant Edward M. Benjamin for the benefit of creditors, and also setting aside, as against the plaintiffs, a judgment entered against him by his wife, and a certain conveyance made by him to his wife.

The case turns wholly upon a peculiar and highly complicated state of facts. They have been so fully analyzed and discussed in the extensive opinion filed by the learned trial judge that no useful purpose would be served by a repetition of them here. After a full consideration of the whole case, I am satisfied that no error was committed in the reception of evidence which calls for reversal; that the findings of fact, in view of the probabilities and inferences fairly and properly deducible from certain clearly established facts, are supported by sufficient evidence; and that the findings of fact sustain the conclusions of law based thereon and the judgment entered. Even if, in a certain aspect of the case, Mr. Benjamin was indebted to his wife at the time of the assignment, it was only for a relatively small amount, and th's amount was fraudulently increased to a very large sum in order to consummate the fraud which was contemplated against the plaintiffs. The fraud committed was not merely a technical one, but fraud in fact. There was not only an intent to hinder and to delay, but also an intent to defraud the plaintiffs. The fraud had been planned and partially organized for years, and, upon the proofs, Mrs. Benjamin is chargeable with participation in its final consummation, because she permitted her husband, as her attorney in fact, to act for her and himself as he did. Substantial justice has been done between the parties, and the judgment should be affirmed, with costs.